Burton *v.* Woods.

---

JOHN H. BURTON *et al. v.* W. W. WOODS *et al.*

PLEADINGS AND PRACTICE. *County court    Appeal.    Final judgment.* The county court and county judge are not authorized to grant an appeal in causes of an equitable nature, under the Code, sec. 3157, but only where the judgment or decree are final.

---

FROM CARROLL.

---

Appeal from the County Court of Carroll county. ——— ———, J.

JO. R. HAWKINS and L. M. BECKERDITE for complainants.

G. T. McCALL for defendants.

COOPER, J., delivered the opinion of the court.

R. D. Thomas died in 1879, intestate, and the defendant, Woods, as administrator of the deceased, in 1880, suggested the insolvency of the estate to the county court. A number of claims were filed in that court, which the personal assets were insufficient to pay. On February 18, 1884, the complainants or petitioners, as holders of some of these claims, filed a petition in the county court against the administrator, widow and heirs for a sale of the realty of the estate to pay debts. Such proceedings were had that the county judge ascertained the amount of the claims, and ordered the land to be sold in satisfaction thereof, giving the widow dower, and also home-

Burton *v.* Woods.

stead, except as to one claim, found to be for the purchase money of the land. The transcript is before us, ostensibly upon the appeal of the widow from this decree. And the creditors have moved to dismiss the appeal upon the ground that it does not lie to this court, but to the circuit court, the estate being worth less than $1,000.

Upon examining the transcript, we find no prayer for an appeal, and the absence of such a prayer and the grant thereof by the trial court is, of course, a fatal defect. And even if the omission should prove to be a clerical misprision, and the prayer and grant are on the minutes of the court below, the appeal is premature. An appeal lies only from a final judgment or decree, as a matter of right, and the decree in this case is not final. The exceptions to the general rule, made by the Code, section 3157, vest in the discretion of the chancellor or circuit judge. The county court and county judge are clothed with no such discretion.

Upon these grounds the motion to dismiss must be allowed, and it becomes unnecessary to determine the point originally made.

Appeal dismissed, the appellant paying the costs of this court.